Good morning. May it please the court, my name is Christopher Black and I represent Michael Spitzauer, the defendant in the underlying case and the appellate in this matter. I hope to reserve around two minutes for rebuttal for the court's information. It appears that there are two main issues in this case. The first is whether federal rule of criminal procedure 6E3A authorizes disclosure of grand jury materials without a court order for the purpose of enforcing a restitution order in a criminal judgment. The second is whether pre-existing business records subpoenaed by the grand jury constitute matters occurring before the grand jury such that records are subject to 6E in the first place. As to the order to enforce restitution, it's clear from the case law and the history of the rule that such disclosure is not valid. As set forth in both the Supreme Court's decision in Sells and the underlying Ninth Circuit case, the secrecy exception for disclosure to government attorneys is limited to performance of their duties in conjunction with the grand jury evidence. As set forth very clearly in Sells, the rule does not permit disclosure in the broad circumstances that the government argues. So what you're telling us is if, in fact, these records are protected under 6E2, that I guess I'm going to get you to 6E2 because it seems to me that's the big issue. Are these records that are prevented from disclosure at all? I'll turn to that issue. Because if they're not, then you don't even get to 6E3. Correct, Your Honor. 6E3 is the exception to the general rule. And I guess I'm running you there because I'm wondering how you're going to get around DynaVac. Thank you, Your Honor. I had been intending to get there in the second part of my presentation, but I'll jump there to address Your Honor's question. As to the second question, Your Honor is, of course, right. The DynaVac case is the main case and provides the most relevant authority on this issue. And it says where the grand jury proceedings have concluded and the indictment has been disclosure would not compromise the integrity of the grand jury process when they are pre-existing business records generated for a purpose other than the grand jury investigation. And Your Honor, my answer to that is that in the DynaVac case, the records were a limited subset of the... But it doesn't talk about limited or non-limited. These were pre-existing business records, right? That is correct, of course, Your Honor. And they were generated for a purpose other than the grand jury investigation, right? The records in this case, Your Honor? Right. They weren't generated for the grand jury. They were generated for a purpose other than grand jury. That's correct.  Correct, of course, Your Honor. And the indictment is issued. Yes. So DynaVac, dead on, right of mem dispo, say USV DynaVac, 6-Fed-3rd-1407, end. And Your Honor, I would respectfully submit that the circumstances of this case are different. And while that... Why are they different? Not only would they have to be different, but if you would address what DynaVac said, they said only in a rare and unusual case. What would make this a rare and unusual case? It seems more of a garden variety case to me. A rare and unusual case would disclosure not be permitted in circumstances such as this? The difference between this case and DynaVac and this case and other cases is this is a case where the grand jury subpoenaed a large number of records and the case itself is largely defined by the content of those records. And so when there's disclosure made of the entire set of pre-existing records, even though they are pre-existing, it does reveal the grand jury's deliberative process to a large extent. That would almost seem like the opposite. I was going to say. I'm swimming in documents. I have no idea what the grand jury's focused on. I mean, that's like old plaintiff's lawyers. They want all the records of the company. So what I do is I get myself a good potato seller and I fill that potato seller with all the records there are of this corporation. I say, go find out what you want. There's no way they can say what the grand jury did when they get all these records and they swim through them all. They don't have any idea. But they do have better idea if it's very limited. That's why I thought DynaVac is really not very helpful to you because the records are limited. They're not every record they could have had. There's no way they could have known what the grand jury was going to do with this batch of records or did. Again, Your Honor, I'd submit that the fact of what records were subpoenaed by the grand jury and perhaps the sequence of the subpoenas, if that is included in the documents that are disclosed, does reveal the deliberate process. We're not got anything about the subpoenas here. All we got are the business, preexisting business records generated for a purpose other than the grand jury investigation. Of course, Your Honor. I'm discussing what the practical . . . I know you're discussing the practical. That's why I threw at you the practical. It's very easy for us when we don't want anybody to know exactly what the corporation did or did not do, to go to a very big potato seller and say, go find them. There's no way they're knowing what we're thinking or not thinking. That's the same here. They got all the records. They haven't got a limited amount where they're knowing exactly what the grand jury's looking at. They got all their records there. They can look at all of them. Therefore, I don't understand how you would even get to the idea that somehow they'd know what the grand jury was doing or didn't do. Again . . . Can you give us an example of what action of the grand jury would be revealed by these records? Again, I believe that the grand jury's thinking in terms of what records they subpoenaed . . . They subpoenaed them all. Well, Your Honor, they subpoenaed all the records that they believed were likely to be relevant, which does reflect their thinking. Under that theory, it would sort of throw Dynavac out the door and basically say if everything they subpoenaed means it was relevant to how their thought process was going on, then they would always be subject to disclosure. That would kind of turn the rule upside down, wouldn't it? Well, Your Honor, I believe that the rule in Dynavac is not quite as broad as the statement that Your Honor indicated. Want me to read it? No, certainly I understand what . . . I mean, I read it right from the record. No, I certainly understand that, but the facts of that case were such that they were different. It was a limited disclosure, not directly from the grand jury, and led to a statement that in the context of that case was what it was. Did you want to save your remaining time? Yes, I would like to. Thank you, Your Honor. One thing, I thought my colleague asked you the hundred . . . in my book, the Mountain Dew question, the best question. Why is this a rare and unusual case? And again . . . I think her question is very hard for you to answer. And Your Honor, I'm attempting to answer it. I believe that given the nature of the case, which is a large financial fraud case, which is largely based on the documents, it does essentially reflect the whole process of the grand jury's . . . Large financial fraud cases are always rare and unusual?  What makes this one more rare and unusual? As compared to other financial fraud cases, I don't have an answer to that. But compared to general cases . . . or to cases generally, the large financial fraud case, if all of the records are subpoenaed, it reflects the thought process of the grand jury. As compared to many other cases, which are maybe more based on testimony, other types of evidence, that sort of thing. So as to whether this specific case is different than other financial fraud cases, I don't believe that that's the case. But it certainly is different than your garden variety federal criminal case. Thank you. Thank you, Your Honor. Good morning. May it please the Court. My name is Rudy Vershoor. I'm an Assistant U.S. Attorney in Spokane, Washington. This Court should affirm the District Court's decision releasing grand jury material to the Financial Litigation Unit for three reasons. The rule . . . the plain language of the rule itself . . . explicitly allows release of this material to government personnel to assist in the enforcement of criminal law. That's the exception, right? Yes, it is, Your Honor. Second, the District Court in this case simply applied the teaching from Dynavac, which held that pre-existing business and financial records are not matters occurring before the grand jury. And the District Judge applied that and said it was proper to release these documents. And third, the use by the Financial Litigation of the U.S. Attorney's Office in this particular case was not for a civil proceeding, per se, as it was in sales engineering. It was, in fact, to enforce the criminal judgment that the District Court had handed down so that the flu could recover restitution. But the enforcement would be civil? The enforcement would use . . . may use civil tools to enforce, but I don't believe it's a civil proceeding. It's still enforcement of the criminal judgment. In this particular case, the District Court did exactly what it was supposed to do, looked at the law at the time, looked at the rule, and said there is no prohibition on releasing this material to the Financial Litigation Unit. And I believe there was no error by the Court whatsoever. And this seems to be a fairly routine matter. That question came up with counsel. These financial fraud cases are not uncommon in our office. I see my colleagues busy with those all the time. Restitution is ordered in all these cases. There's a law demanding that we seek restitution for those victims. And so we are just enforcing the criminal law that's in place. And this Court has held that the enforcement of a criminal judgment is, in fact, part of the underlying criminal case. I will certainly entertain some questions if you have some, but I believe the case is very clear. I think we're out of questions. Thank you for your time. Do you have a little bit of rebuttal time if you'd like that? Thank you, Your Honors. I'd just like to point to, in the Dynevac case, while the Court didn't explicitly state that it's a rule or a test, it did note that if a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6e does not prohibit its release. Again, based on the disclosure of the full range of documents, I'd submit that that does compromise the integrity of the grand jury process, and for that reason that fails the test set forth in Dynevac as to exception to the grand jury secrecy rule. Thank you. Thank you, Your Honors. Thank both counsel for your argument this morning. The case of United States v. Fitzhauer is submitted.
judges: McKeown, Bea, N.R. Smith